Lindsay G. Leavitt – 029110
Lleavitt@jsslaw.com
JENNINGS, STROUSS & SALMON, P.L.C.
A Professional Limited Liability Company
One East Washington Street
Suite 1900
Phoenix, Arizona 85004-2554
Telephone: (602) 262-5911

*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| Greentree Hospitality Group, Inc., a Delaware corporation, | No. |
|---|---|
| Plaintiff, | **COMPLAINT** |
| vs. | |
| Patrick Mullinix, an individual, | |
| Defendant. | |

Plaintiff Greentree Hospitality Group, Inc., ("Greentree" or "Plaintiff"), for its Complaint against Defendant Patrick Mullinix ("Defendant") alleges as follows:

## INTRODUCTION

1. This action arose when Defendant's company breached its Promissory Note with Greentree and Defendant failed to make any payments under the personal Guaranty that he executed concurrently with the Promissory Note. Greentree seeks to enforce the Guaranty—including the $150,000.00 (plus interest) owed to Greentree—through this action.

## PARTIES AND JURISDICTION

2. Greentree is a Delaware corporation with its headquarters and principal place of business in Scottsdale, Arizona.

3. Defendant is a resident of Lakeway, Texas.

4. Defendant is the Principal of non-party Advantage Hotels, Inc. ("Advantage").

5. On December 31, 2020, non-party Advantage entered into a Promissory Note with Greentree for the repayment of a $150,000.00 loan (the "Note").

6. Also on December 31, 2020, Defendant executed a Guaranty of Payment ("Guaranty") in which Defendant "hereby irrevocably, absolutely and unconditionally guarantees to [Greentree] the full, prompt and complete payment when due of the Guaranteed Obligations."

7. The Note and Guaranty were executed by Greentree in Scottsdale, Arizona. Defendant executed the Note and Guaranty in Texas and then e-mailed the Note and Guaranty to Greentree in Scottsdale, Arizona.

8. Advantage made ten interest-only payments under the Note. All of the payments under the Note were mailed or wired to Greentree at its corporate office in Scottsdale, Arizona by Defendant on behalf of Advantage.

9. The Guaranty provides that Greentree may bring suit to enforce the Guaranty "in the courts of any jurisdiction."

10. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00.

11. Venue is proper in this district under 28 U.S.C. § 1391(b) because Greentree resides in Arizona and the Defendant has had sufficient minimum contacts with the State of Arizona that he could reasonably anticipate being hailed into court there and defending this lawsuit in Arizona does not offend traditional notions of fair play and substantial justice.

**FACTUAL BACKGROUND**

12. The Note provides that non-party Advantage was to repay a $150,000 loan to Greentree with interest by December 31, 2021.

2

13. Advantage made ten interest-only payments of $1,250.00 to Greentree between February 1, 2021 and November 3, 2021.

14. The interest-only payments were mailed and/or wired to Greentree's corporate office in Scottsdale, Arizona by Defendant on behalf of Advantage.

15. Advantage failed to make any payments on the principle.

16. The Guaranty was executed by Defendant on December 31, 2020.

17. Section 2(a) of the Guaranty provides that Defendant "unconditionally guarantees to [Greentree] the full, prompt and complete payment when due of the Guaranteed Obligations."

18. Section 2(b) of the Guaranty provides that "[a]ll sums payable to [Greentree] under this Guaranty shall be payable on demand and without reduction for any offset, claim, counterclaim or defense."

19. Section 4(a) of the Guaranty provides that Greentree is not obligated to first pursue collection under the Note against Advantage before it can bring an action against Defendant under the Guaranty.

## COUNT I
### (Breach of Contract)

20. Greentree incorporates the allegations set forth above.

21. Non-party Advantage has failed to repay the balance of the Note.

22. Defendant has "absolutely and unconditionally" guaranteed to Greentree the full, prompt and complete payment of Advantage's obligations under the Note by December 31, 2021.

23. Defendant has breached the Guaranty.

24. Defendant's breach of the Guaranty has caused Greentree to incur damages.

WHEREFORE, Greentree prays for Judgment against Defendant as follows:

A. For Greentree's damages in an amount to be determined at trial, together

3

with contractual and statutory interest;

  B. For reasonable attorneys' fees incurred in pursuing this action;

  C. For costs incurred herein;

  D. For such further relief as this Court deems just and proper.

RESPECTFULLY SUBMITTED this 18th day of January, 2022.

          JENNINGS, STROUSS & SALMON, P.L.C.

          By *s/ Lindsay G. Leavitt*
          Lindsay G. Leavitt
          One East Washington Street, Suite 1900
          Phoenix, Arizona 85004-2554
          *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

☐ I hereby certify that on January 18, 2022, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

☐ I hereby certify that on January 18, 2022, I served the attached document by mail on the following, who are not registered participants of the CM/ECF System:

          s/ Tana Davis-Digeno

4

8010153v2(69806.6)