**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Greentree Hospitality Group Incorporated, | No. CV-22-00088-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Patrick Mullinix, | |
| Defendant. | |

On February 24, 2022, the Clerk of Court entered Default against Defendant Patrick Mullinix ("Defendant") after he failed to appear or otherwise defend against Plaintiff Greentree Hospitality Group Incorporated's ("Plaintiff") claim for breach of contract. (Doc. 10); Fed. R. Civ. P. 55(a).  On March 18, 2022, Plaintiff filed a Motion for Entry of Default Judgment (Doc. 11).  The Court considered the motion and found subject matter jurisdiction over the action, personal jurisdiction over Defendant, and that the seven relevant factors supported an entry of default judgment against Defendant. (*See generally* Doc. 14 at 1–10).  Nonetheless, the Court could not calculate Plaintiff's total alleged damages with certainty. The Court thus set a Damages Hearing for January 23, 2023, and Plaintiff filed a Notice of Intent to Prove Damages by Affidavit (Doc. 15). Following the hearing, the Court grants Plaintiff's Motion for Entry of Default Judgment.

Defendant failed to fulfill various payments due under the December 31, 2020, Promissory Note ("Note") (Doc. 11-2) and Guaranty of Payment ("Guaranty") (Doc. 11-

3) executed by the parties.[1]  Thus, the terms of the Note and Guaranty govern how Plaintiff's damages are calculated.  The Note and Guaranty obligated Defendant to repay a $150,000 loan (the "Loan") issued to him by Plaintiff, with interest, by December 28, 2021. (Doc. 11-2 at 2).  Plaintiff seeks a default judgment comprised of (1) the principal due; (2) the interest payments due; (3) accrued default interest as of December 31, 2022; (4) continuing interest from January 1, 2023, until judgment is entered; (5) interest on the judgment; and (6) costs and attorneys' fees. (Doc. 11-2 at 1–2)

**I.     Damages**

As to unpaid principal, Defendant allegedly failed to make any payments on the principal of the Loan (Doc. 1 at ¶ 16). And the Court so finds.  **Thus, Defendant is liable to Plaintiff for $150,000.00 in unpaid principal**.

As to unpaid interest, a court can award interest on a liquidated claim[2] whether based on contract or tort.  *See Alta Vista Plaza v. Insulation Specialists Co.*, 919 P.2d 176 (Ariz. Ct. App. 1995) ("[p]rejudgment interest is awarded as matter of right on a liquidated claim, whether based on contract or tort . . . .") (citing  *Fleming v. Pima County*, 685 P.2d 1301 (1984)).   Relevant here, the Note sets forth two sources of interest: (1) interest-only monthly payments and (2) default interest.

First, Sections 1 and 2 of the Note direct Defendant to pay "interest-only monthly payments" of ten percent (10%) of the unpaid principal balance throughout the duration of the Note.  (Doc. 11-2 at 2).  Defendant made ten interest-only monthly payments of $1,250.00 to Plaintiff between February 1, 2021, and November 3, 2021.  (Doc. 1 at ¶¶ 13– 14).  However, Defendant has failed to make his last two interest-only monthly payments.  **Thus, Defendant is liable to Plaintiff for $2,500 in unpaid interest-only monthly payments.**

---

[1] The Court's prior Order contained an extensive background information and the Court will not repeat it here.  (Doc. 14 at 1–3).

[2] "A claim is liquidated if the evidence furnishes data which, if believed, makes it possible to compute the amount with exactness, without reliance upon opinion or discretion." *Arizona Title Ins.  & Trust Co. v. O'Malley Lumber Co.*, 484 P.2d 639, 649 (Ariz. Ct. App. 1971).

1   Second, Section 5 of the Note directs that upon Defendant's default, his unpaid

2   principal and interest-only payments shall bear interest at nine percent (9%) per annum.

3   (Doc. 11-2 at 2–3).  Defendant defaulted on the Note and Guaranty on December 29, 2021,

4   when he failed to deliver $150,000.00 in principal and $2,500.00 in interest only monthly

5   payments.  (Doc. 1 at ¶¶ 13–14, 16).  When applying the nine percent (9%) default interest

6   rate, Plaintiff represents that Defendant has accrued $13,864.80 in unpaid default interest

7   from December 29, 2021, to December 31, 2022.   And the Court so finds.   **Thus,**

8   **Defendant is liable to Plaintiff for $13,864.80 in unpaid default interest as of**

9   **December 31, 2022.**

10   **II.      Pre and Post Judgement Interest**

11   Plaintiff proposes that pre-judgment interest should continue to accrue at a rate of

12   $37.54 per day from January 1, 2023, until judgment is entered. (*See* Doc. 15-2 at 2).  At

13   the Damages Hearing, Plaintiff represented that this is in accordance with the nine percent

14   (9%) default interest rate set forth by the Note. (Doc. 11-2 at 2–3); *see Ace Auto. Prods. v.*

15   *Van Duyne*, 156 Ariz. 140, 750 P.2d 898 (Ariz. Ct. App. 1987) (applying the interest rate

16   agreed upon in a promissory note to calculate prejudgment interest).   **Thus, Defendant is**

17   **liable to Plaintiff for pre-judgment interest accruing at $37.54 per day as of January**

18   **1, 2023.**

19   Plaintiff further proposes that after judgment is entered, "[i]nterest on the judgment

20   [should] continue to accrue at a rate of $37.60 per day pursuant to the parties' agreement."

21   (Doc. 15-2 at 2).  However, the means in which the Court awards post-judgment interest is

22   limited by 28 U.S.C. § 1961(a).  **Thus, Defendant is liable to Plaintiff for post-judgment**

23   **interest accruing at the applicable federal rate under 28 U.S.C. § 1961(a).**

24   **III.     Costs and Attorney's Fees**

25   Last, Plaintiff seeks an award of costs in the amount of $567.00 and attorney fees in

26   the amount of $6,248.00.  (Doc. 11 at 8).  Although Plaintiff requested attorneys' fees and

27   costs in their Motion for Default Judgment and Notice of Intent to Prove Damages by

28   Affidavit, Rule 54 of the Federal Rules of Civil Procedure mandates a motion for attorneys'

1    fees "be filed no later than 14 days after the entry of judgment[.]" Fed. R. Civ. P. 54(d)(2).

2    Therefore, the Court will allow Plaintiff's Counsel to file a motion for attorneys' fees.

3          In sum, the Court enters default judgment in Plaintiff's favor against Defendant.

4    Defendant is liable to Plaintiff for the sum certain of \$166,364.80[3] as of December 31,

5    2022.  Pre-judgment interest will accrue at a rate of \$37.54 per day from January 1, 2023,

6    until the date judgment is entered.  Post-judgment interest will accrue pursuant to 28 U.S.C.

7    § 1961(a) from the date of entry of this judgment until the judgment is paid in full.

8          Accordingly,

9          **IT IS HEREBY ORDERED** that Plaintiff Greentree Hospitality Group

10   Incorporated's Motion for Entry of Default Judgment (Doc. 11) is **GRANTED.**  The Clerk

11   of Court shall enter default judgment against Defendant Patrick Mullinix in the amount of

12   \$166,364.80, accruing pre-judgment interest at the rate of \$37.54 per day from January 1,

13   2023, until the date this judgment is entered, and accruing post-judgment interest at the

14   applicable federal rate pursuant to 28 U.S.C. § 1961(a) from the date this judgment is

15   entered until the judgment is paid in full.

16         **IT IS FINALLY ORDERED** that Plaintiff may file a motion for costs and

17   attorneys' fees within fourteen (14) days of the entry of this Order.

18         Dated this 26th day of January, 2023.

19

20

21                                                    Honorable Diane J. Humetewa
22                                                    United States District Judge

23

24

25

26

27

_____

28   [3] Defendant's unpaid principal of \$150,000.00, plus Defendant's unpaid interest only
     monthly payments of \$2,500.00, plus Defendant's unpaid default interest through
     December 31, 2022, of \$13,864.80 equals \$166,364.80.