WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Greentree Hospitality Group Incorporated, | No. CV-22-00088-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Patrick Mullinix, | |
| Defendant. | |

Plaintiff Greentree Hospitality Group Incorporated ("Plaintiff") has filed a Motion for Award of Attorneys' Fees and Non-taxable Costs (Doc. 20),[1] wherein Plaintiff seeks $13,668.00 in fees and $567.00 in costs. (*Id.* at 43). The Motion is unopposed; Defendant Patrick Mullinix ("Defendant") did not file a response and the time to do so has passed. *See* LRCiv 7.2. For the following reasons, Plaintiff's Motion is granted.

**I.   Background[2]**

Plaintiff brought a single claim for breach of contract under California state law. (Doc. 1 at ¶¶ 22–23). The parties executed four contracts: (1) a Franchise Development

---

[1] Local Rule 54.2 provides that the following documents must be attached to a motion for fees: (1) a Statement of Consultation; (2) a copy of a fee agreement or statement that there is no fee agreement; (3) a Task-Based Itemized Statement providing the required description of services rendered; (4) an affidavit of moving counsel; and (5) "[a]ny other affidavits or evidentiary matter deemed appropriate . . . or required by law." LRCiv 54.2(d)(1)-(5). Plaintiff's Motion complies with these requirements. (*See* Doc. 20 at 8–13, 27–43).

[2] The Court's prior Order contained extensive background information, and the Court will not repeat it here. (Doc. 14 at 1–3).

Agreement ("Franchise Agreement") (Doc. 11-1); (2) a Promissory Note ("Note") (Docs. 11-2; 20 at 24–26); (3) a Guaranty of Payment ("Guaranty") (Docs. 11-3; 20 at 15–22); and (4) a Share Pledge Agreement (Doc. 11-4).[3] Under the terms of the Note, Defendant obtained a $150,000.00 loan (the "Loan") from Plaintiff through his capacity as President and CEO of non-party Advantage Hotels, Inc. ("Advantage"). (Doc. 11-2 at 2). Under the terms of the Guaranty, Defendant guaranteed "the full, prompt, and complete payment" of the Loan when due. (Doc. 11-3 at 2–3). Plaintiff filed this action when Defendant failed to make payments on the principle of the Loan. (Doc. 1 at ¶ 16).

Defendant did not defend or otherwise appear in this case. Thus, by previous Order, the Court granted Plaintiff's Motion for Entry of Default Judgment against Defendant and awarded Plaintiff $166,364.80 in damages.[4] (Docs. 11; 14; 18). Plaintiff now seeks an award of $13,668.00 in attorneys' fees and $567.00 in costs. (Doc. 20 at 43). Jennings Strouss & Salmon, P.L.C. ("JSS") represents Plaintiff.

**II.    Legal Standard**

A party seeking an award of attorneys' fees must show it is eligible for and entitled to an award, and that the amount sought is reasonable. LRCiv 54.2(c). Eligibility and entitlement to an award is dependent on "the applicable statutory or contractual authority upon which the movant seeks an award[.]" LRCiv 54.2(c)(1). To determine whether an award is reasonable, courts assess the following factors:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

---

[3] The Guaranty and Share Pledge Agreement were executed concurrently with the Note.

[4] The Court also awarded Plaintiff pre and post judgment interest. (Doc. 18).

*Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975), *cert. denied*, 425 U.S. 951 (1976); *see also* LRCiv 54.2(c)(3).

## II. Discussion

The Court will determine whether Plaintiff is eligible for and entitled to an award of attorneys' fees before assessing the reasonableness of the amount requested.

### A. Eligibility and Entitlement

Eligibility and entitlement to an award depends on "the applicable statutory or contractual authority upon which the movant seeks an award[.]" LRCiv 54.2(c)(1). An award is proper if based on "a contract, an applicable statute, a finding that the losing party acted in bad faith, or other exceptional circumstances." *Sea-Land Serv., Inc. v. Murrey & Son's Co. Inc.*, 824 F.2d 740, 744 (9th Cir. 1987). "The Ninth Circuit has [] held the assignment of attorneys' fees based on a provision in a contractual agreement is enforceable." *Scottsdale Gas Co. LLC, v. Tesoro Ref. & Mktg. Co. LLC*, 2021 WL 2895501, at *2 (D. Ariz. July 9, 2021) (citing *Stitt v. Williams*, 919 F.2d 516, 529 (9th Cir. 1990)).

Plaintiff contends it is eligible for and entitled to an award under the fee provisions contained in the Note and the Guaranty (collectively the "Agreements"). (Doc. 20 at 2–3). Section 9 of the Note states:

> [i]f this Note is not paid when due or if any Event of Default occurs, [Advantage] promises to pay any and all costs of enforcement and collection, including but not limited to, reasonable attorneys' fees, whether or not an action or proceeding is brought to enforce the provisions hereof.

(*Id*. at 26). Section 2(c) of the Guaranty further imposes the following obligation on Defendant:

> [Defendant] hereby agrees to indemnify, defend, and save harmless [Plaintiff] from and against any and all out-of-pocket fees, costs, losses, liabilities, claims, causes of action, expenses and damages, including reasonable attorneys' fees and disbursements . . . which [Plaintiff] actually suffers or incurs in connection with the enforcement by [Plaintiff] of this Guaranty.

(*Id*. at 16). The Court will construe these fee provisions under California state law according to the Agreements' choice-of-law provisions.[5] (Doc. 20 at 19, 26); *see e.g*, *ME SPE Franchising LLC v. NCW Holdings LLC*, 2023 WL 2691562, *2 (D. Ariz. Mar. 29, 2023) (applying Arizona law to interpret the scope of a fee provision in a contract governed by Arizona law); *Spirit Master Funding IV LLC v. Martinsville Corral Inc.*, 2016 WL 4877622, at *2 (D. Ariz. Sept. 15, 2016) (applying Indiana law to interpret the scope of a fee provision in a contract governed by Indiana law); *see also Diamond v. John Martin Co.*, 753 F.2d 1465, 1467 (9th Cir. 1985) ("The rule in this circuit requires that federal courts in diversity actions apply state law with regard to the allowance (or disallowance) of attorneys' fees.").

California state law permits recovery of attorneys' fees when authorized by contract:

> In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs.

Cal. Civ. Code § 1717. Courts may award attorneys' fees when a party has filed suit under a contract that includes a valid agreement for a fee award to the prevailing party. *See* Cal. Civ. Proc. Code § 1021 ("Except as attorney's fees are specifically provided for by statute, the measure and mode of compensation of attorneys and counselors at law is left to the agreement, express or implied, of the parties."); *see also Progressive Sols., Inc. v. Stanley*, 2018 WL 6267837, at *2 (N.D. Cal. July 13, 2018) (citing Cal. Civ. Proc. Code §§ 1032(b); 1033.5(a)(10)). "Whether a contractual attorney fee clause provides for a fee award in a particular case is a question of contract interpretation." *Makreas v. First Nat'l Bank of N. California*, 2014 WL 2582027, at *2

---

[5] Plaintiff did not note the Agreements' choice-of-law provision in their Motion and rather applied Arizona state law to conclude it is eligible and entitled to an award of fees. (*See* Doc. 30 at 2–3). Because the Court ultimately finds Plaintiff is eligible and entitled to an award of fees under California law, this distinction is not outcome determinative.

1  (N.D. Cal. June 9, 2014) (quoting *Windsor Pac. LLC v. Samwood Co., Inc.*, 152 Cal. Rptr. 3d 518, 527 (Cal. Ct. App. 2013)).

This matter is indeed an "action on a contract" under Section 1717 of the California Civil Code because it arose out of Defendant's breach of the Guaranty and Plaintiff's efforts to enforce the Guaranty. Cal. Civ. Code § 1717. The Agreements expressly provide that Plaintiff may recover from Defendant reasonable attorneys' fees it incurs to enforce the terms of the Guaranty. (Doc. 20 at 26, 16). And Plaintiff prevailed on its breach of contract claim having obtained default judgment against Defendant. (Docs. 18; 19). Therefore, Plaintiff is eligible and entitled to an award of fees under the Agreement's fee provisions.

### C. Reasonableness of Fees

The Court must now determine whether Plaintiff's request for $13,668.00 in attorneys' fees and $567.00 in costs is reasonable. (Doc. 20 at 43). "Where a contract provides for attorneys' fees but does not specify a particular sum, it is within the trial court's discretion to determine what constitutes reasonable attorneys' fees." *Progressive Solutions, Inc. v. Stanley*, 2018 WL 6267837, at *4 (N.D. Cal., 2018) (quoting *Niederer v. Ferreira*, 189 Cal. App. 3d 1485, 1507 (Cal. Ct. App. 1987)). "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckhart*, 461 U.S. 424, 433 (1983); This calculation is commonly known as the "lodestar" method. *Blanchard v. Bergeron*, 489 U.S. 87, 94 (1989); *see also PLCM Group v. Drexler*, 22 Cal. 4th 1084, 1095 (Cal. 2000) ("The fee setting inquiry in California ordinarily begins with the lodestar."). Once this initial lodestar figure is calculated, courts may then adjust the result by considering "other factors." *Blanchard*, 489 U.S. at 94.

Plaintiff argues its fee request is reasonable under the twelve *Kerr* factors. (*Id.* at 3–6 citing LRCiv 54.2(c)). The Court will examine each factor in turn.

/ / /

### 1.      Time and Labor Required

The Task-Based Itemized Statement of Fees ("Itemized Statement") reflects that Undersigned Counsel spent 49.20 hours of time on this matter, totaling to $13,668.00 in fees. (Doc. 20 at 42). Plaintiff filed its Complaint, promptly filed for entry of default, and attended a damages hearing. (Docs. 1; 11; 17). The Court finds the time and labor required to represent Plaintiff as accounted for in the Itemized Statement are accurate and reasonable. *See* LRCiv 54.2(e)(2) ("The party seeking an award of fees must adequately describe the services rendered so that the reasonableness of the charge can be evaluated.").

### 2.      Novelty and Difficulty

This contract action did not present any novel or difficult issues.

### 3.      Requisite Skill

Breach of contract cases require skills in commercial litigation.

### 4.      Preclusion of Other Employment

Undersigned Counsel represents he was not precluded from other employment. (Doc. 20 at 5).

### 5.      Customary Fee

Undersigned Counsel and Plaintiff entered into a fee agreement indicating JSS's customary billing rates ranged from $260 per hour for new associates to $525 per hour for senior partners. (*Id*. at 30). However, Undersigned Counsel states the fee agreement was orally modified and Plaintiff was billed at the following discounted rates: partners were billed at $300 per hour;[6] associates were billed at $250 per hour; paralegals were billed at $150 per hour; and legal assistants were billed at $115 per hour. (*Id*. at 5, 11–12). Undersigned Counsel further represents that "all of these rates are reasonable and well within, if not below, the customary fees charged for individuals with comparable expertise at comparable law firms in Phoenix." (*Id*. at 5).

/ / /

---

[6] Undersigned Counsel avers that his normal billing rate is $375 per hour but he reduced it to $300 per hour for this matter. (Doc. 20 at 5)

**6.     Fixed or Contingent Fee**

Plaintiff did not enter into a contingent fee agreement with Undersigned Counsel.

**7.     Time Limitations**

There is no indication that Plaintiff placed any time limitations on its Counsel.

**8.     Amount Involved and Results Obtained**

In its Complaint, Plaintiff sought the $150,000.00 Defendant owes on the Guaranty, plus interest. (Doc. 1 at 1). The Court entered default judgment against Defendant for $166,364.80 (Doc. 19), which is full amount requested in Plaintiff's claim.

**9.     Experience, Reputation, and Ability of the Attorneys**

Undersigned Counsel represents that "[a] large part of [his] practice is comprised of representing hotels and hospitality companies in litigation matters, including . . . breach of contract . . . ." (Doc. 20 at 10). His clients include independently-owned hotels, publicly-traded international hotel chains, and Real Estate Investment Trusts. (*Id*. at 6).

**10.    The Case's Undesirability**

This case is neither particularly desirable nor undesirable.

**11.    Nature and Length of relationship with the Client**

Undersigned counsel states he "has represented, and continues to represent, [Plaintiff] in a number of actions around the country." (*Id*.)

**12.    Awards in Similar Cases**

Plaintiff points the Court to *Brad Hall & Associates Inc. v. Elkotb* to argue the present request for fees is comparable to awards in similar actions. 2022 WL 3082527 (D. Ariz. Aug. 3, 2022). In *Brad Hall*, the plaintiff obtained default judgment for breach of a commercial agreement and this district approved an award of $15,565.00 in attorneys' fees under parties' contractual provision. *Id*. at *1–2. The Court similarly finds Plaintiff's request for $13,668.00 in fees reasonable here.

To summarize, Plaintiff's request for an award is reasonable under the twelve *Kerr* factors.

### C. Costs

The Court last turns to Plaintiff's request for $567.00 in costs, which is comprised of court filing fees and service fees. (Doc. 20 at 42). The fee provisions in the Agreements entitle Plaintiff to "any and all costs of enforcement and collection" of the Loan. (*Id.* at 26). Section 1717 of the California Civil Code also permits recovery of "other costs" in an award of attorney fees. Cal. Civ. Code § 1717. The Court will thus award Plaintiff the entirety of its requested expenses under the fee provisions.

## IV. Conclusion

Plaintiff is eligible for and entitled to an award of all fees and expenses associated with its breach of contract claim under the parties' fee provisions. The Court finds the 49.20 hours of time on this matter is reasonable and JSS applied reasonable billing rates. The Court will therefore award Plaintiff an award of $13,668.00 in attorneys' fees and $567.00 in costs.

Accordingly,

**IT IS ORDERED** that Plaintiff Greentree Hospitality Group Incorporated's Motion for Award of Attorneys' Fees and Non-taxable Costs (Doc. 20) is **GRANTED**. The Court approves an award of $13,668.00 in attorneys' fees and $567.00 in costs, for which Defendant Patrick Mullinix is liable.

Dated this 7th day of September, 2023.

Honorable Diane J. Humetewa
United States District Judge